United States District Court

Eastern District of California

Antolin Andrews,

      Plaintiff,

vs.

Mellie Briggs, et al.,

      Defendants.

No. Civ. S 01-0883 FCD PAN P

Findings and Recommendations

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action against defendants Briggs, Moreno, Perez and Felske.

    Plaintiff claims he is a "flamboyant homosexual" and defendants violated his constitutional rights when they miscalculated his classification score and then deliberately refused to correct the error, causing plaintiff to be sent to a Level IV facility housing especially dangerous inmates where he was assaulted and injured.

1  March 25, 2005, the court dismissed, for failure to state a
2  claim, all claims except that defendants violated plaintiff's
3  rights under the Eighth Amendment.  Now the court addresses
4  cross-motions for summary judgment.
5      A party may move, without or without supporting affidavits,
6  for a summary judgment and the judgment sought shall be rendered
7  forthwith if the pleadings, depositions, answers to
8  interrogatories, and admissions on file, together with the
9  affidavits, if any, show that there is no genuine issue as to any
10 material fact and that the moving party is entitled to a judgment
11 as a matter of law.  Fed. R. Civ. P. 56(a)-(c).
12     An issue is "genuine" if the evidence is such that a
13 reasonable jury could return a verdict for the opposing party.
14 Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is
15 "material" if it affects the right to recover under applicable
16 substantive law.  Id.  The moving party must submit evidence that
17 establishes the existence of an element essential to that party's
18 case and on which that party will bear the burden of proof at
19 trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).
20 The moving party "always bears the initial responsibility of
21 informing the district court of the basis for its motion and
22 identifying those portions of 'the pleadings, depositions,
23 answers to interrogatories, and admissions on file, together with
24 the affidavits, if any'" that the moving party believes
25 demonstrate the absence of a genuine issue of material fact.  Id.
26 at 323.  If the movant does not bear the burden of proof on an

issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  Id. at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial.  Id., at 327.  Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay

was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987). A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit. Johnson v. Meltzer, 134 F.,3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004). Defects in opposing affidavits may be waived if no motion to strike or other objection is made. Scharf v. United States Attorney General, 597 F.2d 1240 (9th Cir. 1979) (incompetent medical evidence).

The Eighth Amendment prohibits prison officials from deliberate indifference to a substantial risk of serious harm to a prisoner. Wilson v. Seiter, 501 U.S. 294 (1991). "Deliberate indifference" is a state of mind more blameworthy than mere negligence. Whitley v. Albers, 475 U.S. 312 (1986). The defendant must know of but disregard an excessive risk of harm; defendant must know the facts from which the inference of harm should be drawn and also draw the inference. Id. Failure to abate a risk that should have been perceived but was not does not violate the Eighth Amendment. Id. Plaintiff is required to establish not only that defendants were deliberately indifferent

1 to "a risk of some harm," but rather to "a substantial risk of
2 serious harm." Ford v. Ramirez-Palmer, 301 F.3d 1043, 1051 (9th
3 Cir. 2002).
4      It is undisputed that after plaintiff was transferred to
5 Folsom he was attacked by inmate Hunt. The attack had nothing to
6 do with the fact that plaintiff is a flamboyant homosexual, which
7 is the special circumstance that arguably placed plaintiff at
8 "substantial risk of serious harm," as required for a
9 constitutional violation under Farmer. Plaintiff posits that he
10 was attacked as punishment for plaintiff's failure to participate
11 in racial violence on a previous occasion. See plaintiff's
12 motion for summary judgment at 33; plaintiff's declaration in
13 reply to cross-motion for summary judgment paras. 48-65. Because
14 there is nothing to support any inference the attack stemmed from
15 plaintiff's sexual orientation, defendants' actions were not the
16 proximate cause of plaintiff's injury. See Arnold v. Int'l
17 Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)
18 (civil rights statute requires a showing defendant, acting under
19 color of state law, proximately caused the violation of
20 plaintiff's constitutional rights); see also Van Ort v. Estate of
21 Stanewich, 92 F.3d 831 (9th Cir. 1996) (state action concept and
22 causation analysis are intertwined). Although defendants'
23 conduct may have been a cause in fact of plaintiff's injury, they
24 had no control over the intervening events surrounding the
25 assault and their actions did not fail to prevent it. See
26 Arnold, 637 F.2d at 1356-57. Defendants therefore are entitled

to summary judgment.

Accordingly, the court hereby recommends that plaintiff's motion for summary judgment (deemed filed December 6, 2004) be denied and defendants' May 3, 2005, cross-motion for summary judgment be granted.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 10 days after being served with these findings and recommendations, either party may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: July 21, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge